

**Avery I. Normyle**
Direct Phone: +1 212 549 4272
Email: anormyle@reedsmith.com

**MEMO ENDORSED**

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

February 4, 2021

**Via ECF**

> Plaintiff is instructed to respond to this letter by no later than February 10, 2021. A telephonic pre-motion conference will be held on February 17, 2021 at 2:30pm. The parties are instructed to dial 877-411-9748 and enter access code 3029857# when prompted. SO ORDERED.
>
> Edgardo Ramos, U.S.D.J
> Dated: 2/5/2021
> New York, New York

Honorable Edgardo Ramos
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:** *Seliger v. Breitbart News Network, LLC*, Case No. 1:20-cv-02860

Dear Judge Ramos:

    We are counsel of record for defendant Breitbart News Network, LLC ("BNN") in the above-referenced action. Pursuant to Rule 2.A.i of Your Honor's Individual Practices and Local Rule 37.2, BNN hereby respectfully requests a pre-motion conference prior to seeking a protective order concerning Plaintiff Mark Seliger's ("Plaintiff") improper efforts to take the deposition of BNN (i.e., the company) in violation of Fed. R. Civ. P. 30(b)(6).

    As explained below, good cause exists to issue a protective order pursuant to Fed. R. Civ. P. 26(c) because (i) Plaintiff's deposition notices fail to describe the subject matters of the intended examination with reasonable particularity, (ii) the vague, ambiguous and overly broad deposition topics set forth in Plaintiff's deposition notices prejudice BNN's ability to designate appropriate witness(es) and/or properly prepare its designees to testify on its behalf, and (iii) despite BNN's good faith efforts to resolve these matters, Plaintiff has steadfastly refused to revise his deposition notices and now threatens to seek judicial relief unless BNN agrees to proceed in accordance with Plaintiff's legally defective deposition notices.

**I.    Background**

    On August 24, 2020, Plaintiff noticed BNN's deposition pursuant to Fed. R. Civ. P. 30(b)(6) on eleven purported examination topics, via Zoom, on a date and time unilaterally chosen by Plaintiff (the "Initial BNN Notice"). On September 18, 2020, BNN timely served objections to the Initial BNN Notice stating *inter alia* (i) that the examination topics were vague, ambiguous, overly broad and failed to describe the subject matters of the examination with reasonable particularity, and (ii) that the Initial BNN Notice was *per se* defective because the parties had not stipulated to conduct depositions via Zoom or any other remote means. Plaintiff did not respond to BNN's objections, nor did Plaintiff attempt to re-notice BNN's deposition for a different date in 2020.

Hon. Edgardo Ramos
February 4, 2021
Page 2

ReedSmith

On January 13, 2021, in light of the recently enacted amendment to Fed. R. Civ. P. 30(b)(6), we emailed Plaintiff's counsel to schedule "a meet and confer regarding topics for examination." In response, Ms. Zaharia agreed to meet and confer by telephone on January 15, 2021.[1]

When the parties conferred on January 15, we explained that the topics in the Initial BNN Notice were vague, ambiguous, overly broad and/or failed to describe the matter for examination with reasonable particularity. In the course of attempting to resolve these issues, we explained that BNN would need to designate at least two witnesses -- one (or more) to cover matters concerning the provenance and publication of the photograph at issue, and a different witness to cover the revenue generated from BNN's publication of the photograph and other financial matters. On January 15, 2021, shortly after telephonic meet and confer concluded, Plaintiff served two amended deposition notices on BNN (the "First Amended Notices").[2] Although the First Amended Notices acknowledged BNN's need to designate multiple witnesses, Plaintiff neglected to address any of the substantive objections to the deposition topics that BNN served months ago and attempted to resolve when the parties conferred earlier that day. Indeed, the First Amended Notices merely repeated, verbatim, the same topics in the Initial BNN Notice. Accordingly, on January 27, 2021, BNN served supplemental responses and objections ("Responses and Objections") to the First Amended Notices. Among other things, in a further effort to resolve BNN's objections, the Responses and Objections proposed alternative language as to each topic, and the transmittal email invited Plaintiff to provide amended notices consistent with the language BNN had proposed.

On February 1, 2021, in response to the Responses and Objections, Plaintiff served second amended notices of deposition (the "Second Amended Notices"). Aside from noticing new dates, the Second Amended Notices are identical to the First Amended Notices. Again, for the second time, Plaintiff failed to describe the subject matters of the intended examination with reasonable particularity, neglected to address any of BNN's objections and concerns, and merely parroted, verbatim, the same defective topics as before.

On February 2, 2021, Plaintiff threatened to seek relief from the court unless BNN agreed to proceed with the depositions by close of business on February 4.

II.     **Plaintiff's Deposition Notices Fail to Meet the Requirements of Rule 30(b)(6)**

Fed. R. Civ. P. 30(b)(6), which governs the deposition of an organization, provides that the deposition notice must describe the subject matters of the examination with "reasonable particularity." The underlying purpose of this rule "is to avoid the difficulties encountered by both sides when the party to be examined is unable to determine who within the corporation would be best able to provide the information sought." *Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 240 (S.D.N.Y. 2002) (denying plaintiff leave to depose a 30(b)(6) witness because plaintiff's subpoena was "insufficiently particularized" in "contradiction to the 'reasonable particularity' required by Rule 30(b)(6)"). The

---

[1] The amendment to Rule 30(b)(6)—which became effective on December 1, 2020—requires that, "[b]efore or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination."

[2] The two notices essentially divided the topics into two categories, non-financial (ten topics) and financial (one topic).

"reasonable particularity" standard "requires the topics listed to be specific as to subject area and to have discernible boundaries." *Winfield v. City of New York*, 15-cv-05236-LTS- KHP, 2018 WL 840085, *5 (S.D.N.Y. Feb. 12, 2018) (internal citations omitted)). "This means that the topics should not be listed as 'including but not limited to;' rather, they must be explicitly stated" and should be "substantively and temporally relevant to the claims or defenses." *Id.* Failing to meet the reasonable particularity standard "defeats the very purpose of Rule 30(b)(6) − 'to enable the responding organization to identify the person who is best situated to answer questions about the matter, or to make sure that the person selected to testify is able to respond regarding the matter.'" *Gesualdi v. Rockwala Inc.*, 18-cv-5470-JBW-SJB, 2019 WL 4306349, *1 (E.D.N.Y. Sep. 11, 2019) (quoting 8A Wright & Miller, Fed. Prac. & Proc. Civ. § 2103 (3d ed.)).

The Second Amended Notices present topics that altogether fail to describe the matters for examination with "reasonable particularity." Fed. R. Civ. P. 30(b)(6). By way of example, in topic number 1, Plaintiff broadly seeks testimony regarding "the transactions and actions which gave rise to this action, including without limitation the creation, editing, modification, display, publication, and exploitation of the photograph at issue." In the same vein, topic number 4 asks BNN to designate a witness (or witnesses) with knowledge of "the instructions and specifications for the creation and/or publication of the article at issue, including without limitation all communications between Deponent and other parties involved in the selection or modification of the photograph at issue." Topic number 9, likewise, seeks testimony concerning "any communications regarding or referring to the article at issue and/or photograph at issue."

None of the foregoing topics (among others) is described with reasonable particularity. Each is woefully vague, overbroad, unduly burdensome, impermissibly compound and consists of "overlong or ambiguously worded list[s] of matters for examination[.]" *See* Fed. R. Civ. P. 30(b)(6), 2020 Amendment, Advisory Committee Notes. Without more specificity, BNN cannot reasonably determine who at the company should be designated to testify on these and other overly broad topics. But that is only part of the problem. BNN also has an obligation to make sure its witnesses are adequately prepared to testify on each topic listed in the deposition notice. *Fashion Exchange LLC v. Hybrid Promotions, LLC*, 14-cv-1254-SHS-OTW, 2019 WL 1533212, *1 (S.D.N.Y. Apr. 9, 2019) (noting that an organization has an affirmative "duty to prepare its designated witness to answer questions to the best of the organization's knowledge" and further remarking that "the standard is whether the Rule 30(b)(6) deponents [are] prepared to testify regarding the organization's knowledge, not whether the organization designated an individual with the most personal knowledge of the noticed topics")(citations omitted)). Due to the sprawling scope and imprecise wording of these and other noticed topics, BNN cannot possibly prepare its witness to provide meaningful testimony. As currently framed, the noticed topics would unreasonably require BNN to either (i) prepare each designated witnesses to anticipate every question that possibly could be posed within the borderless expanse of each topic or (ii) interpret each topic narrowly based on speculation and prepare each witness accordingly. In either event, if BNN proceeds with the depositions as presently noticed, its witnesses have been set up to fail. And, should they fail, Plaintiff surely will cry foul and claim BNN neglected to designate witnesses with adequate knowledge.

Hon. Edgardo Ramos  
February 4, 2021
Page 4

### III. Plaintiff Has Not Conferred in Good Faith

As recently amended, Fed. R. Civ. P. 30(b)(6) imposes a duty on the parties to "confer in good faith about the matters for examination." This amendment was enacted to address the precise issue and avoid the exact problem raised by BNN:

> "Rule 30(b)(6) is amended to respond to problems that have emerged in some cases. **Particular concerns raised have included overlong or ambiguously worded lists of matters for examination and inadequately prepared witnesses**." 2020 Amendment, Advisory Committee Notes. (Emphasis added.)

Thus, pursuant to the recent amendments to Rule 30(b)(6), the serving party and the named organization are now required to confer before or promptly after the notice or subpoena is served about the matters for examination.

Simply put, on January 15, when Plaintiff failed to more particularly describe any of the subject matters of the intended examination—hours after the parties had just met and conferred on that very subject—Plaintiff did not act in good faith. Plaintiff's subsequent, strident refusal to accept any of BNN's proposed compromises and threat to seek judicial relief are the epitome of bad faith.

Based on the foregoing, and in compliance with Your Honor's individual practices, BNN respectfully requests a pre-motion conference to consider BNN's anticipated motion and to set a briefing schedule.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ *Avery I. Normyle*
Avery I. Normyle
Reed Smith LLP


cc: All Counsel of Record (*via* ECF)