UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK SELIGER, an individual,

            Plaintiff,

– against –

BREITBART NEWS NETWORK, LLC, a California Limited Liability Company; and DOES 1-10, inclusive,

            Defendants.

**ORDER**

20 Civ. 2860 (ER)

RAMOS, D.J.:

On August 24, 2020, Seliger served on Breitbart News Network ("BNN") a notice of deposition pursuant to Fed. R. Civ. P. 30(b)(6), identifying 11 topics on which he sought deposition testimony. Doc. 31-1. On January 15, 2021, following objections from BNN and a meet and confer, Seliger served two Amended Deposition Notices on BNN. *See* Doc. 31-3 ("Amended Deposition Notice 1"); and Doc. 31-4 ("Amended Deposition Notice 2"). These Amended Notices contained the same 11 topics as had been previously noticed, but spread across two notices.[1]

On January 27, 2021, BNN objected to the Amended Notices. *See* Doc. 31-5. On February 1, 2021, Seliger served Second Amended Deposition Notices. Doc. 29 at 2. These notices are identical to the Amended Notices served on January 15, but with new dates.[2] *Id.* BNN continues to object to these notices on the ground that they do not describe the topics on

---

[1] In these Amended Notices, the topic previously designated as Topic 6 in the August 2020 notice was noticed separately from the other 10 topics. This topic is hereinafter referred to as Topic 1 of Amended Deposition Notice 2.

[2] These February 1, 2021 Second Amended Notices were not submitted into the record. Thus, the Court will cite to the January 15, 2021 Amended Notices for the purpose of its analysis, which fully applies to the Second Amended Notices.

which testimony is sought with "reasonable particularity," so as to permit BNN to designate a witness to testify on its behalf.  *See id.* at 1.  BNN has also lodged several general objections.  Before the Court is BNN's request for a protective order pursuant to Fed. R. Civ. P. 26(c).

> **I.        Legal Standard**

Under Fed. R. Civ. P. 30(b)(6), parties may serve a notice of deposition on an organization.  The organization must then designate witnesses who can give "complete, knowledgeable and binding answers" on its behalf.  *See Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) (internal citations and quotation marks omitted).  For this reason, notices of 30(b)(6) depositions must describe the topics on which testimony is sought with "reasonable particularity."  *See Winfield v. City of New York*, No. 15 Civ. 5236 (LTS) (KHP), 2018 WL 840085, at *4 (S.D.N.Y. Feb. 12, 2018).

Courts have considerable discretion in assessing whether topics have been noticed with "reasonable particularity."  However, courts should consider "(1) the nature of the topics; (2) whether the descriptions of the topics include examples of questions and clarifying information such as references to specific named policies, documents, incidents, and the like; and (3) whether a reasonable person reading the notice would understand how to prepare for the deposition."  *Id.* at *6.  Accordingly, it is disfavored to frame notices of deposition topics in an open-ended manner, such as using language like "including but not limited to."  *See Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 240 (S.D.N.Y. 2002).

If a topic is identified with reasonable particularity, the organization has an affirmative obligation to reasonably prepare the deponent to give knowledgeable answers.  *See Soroof Trading Dev. Co., Ltd. v. GE Fuel Cell Sys., LLC*, No. 10 Civ. 1391(LGS)(JCF), 2013 WL 1286078, at *2 (S.D.N.Y. Mar. 28, 2013).  Thus, even if a corporation purports to have no

information about a topic—because, for example, no agreement or contract exists—it is still obligated to offer testimony regarding why it lacks such information and its efforts to obtain it. *See Klorczyk v. Sears, Roebuck & Co.*, No. 13 Civ. 257 (JAM), 2015 WL 1600299, at *5 (D. Conn. Apr. 9, 2015).

If a party objects to the scope of a 30(b)(6) deposition notice, it may move for a protective order under Fed. R. Civ. P. 26(c)(1) to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" *See V.S. v. Muhammad*, No. 07 Civ. 213 (DLI)(JO), 2009 WL 3273909, at *1 (E.D.N.Y. Oct. 9, 2009) (quoting Fed. R. Civ. P. 26(c)(1)).

## II.     Seliger's 30(b)(6) Deposition Notices

As set forth in more detail below, BNN's request for a protective order is GRANTED in part and DENIED in part.  Because the substance of many of BNN's objections is that the deposition notices do not provide sufficient detail for BNN to designate someone with knowledge of the topic, Seliger may either proceed with the current Second Amended Notices, subject to the limitations set forth in this Order, or he may serve Third Amended Deposition Notices in compliance with this Order by March 1, 2021.  The Court also notes that nothing in this Order prevents BNN from lodging objections to individual questions in the ordinary course of the deposition as it deems appropriate.

**Amended Deposition Notice 1 (Doc. 31-3):**

- **Topic 1: "The transactions and actions which gave rise to this action, including without limitation the creation, editing, modification, display, publication, and exploitation of the photograph at issue."**

BNN has made objections based on attorney-client privilege and vagueness regarding this topic, stating that: "(i) 'the transactions and actions which gave rise to this action' calls for a

legal conclusion and/or seeks testimony protected by the attorney-client privilege and/or the attorney work product doctrine; and (ii) the terms 'creation' and 'exploitation' as used in this topic are impermissibly vague, ambiguous and overbroad." Doc. 31-5 at 2. However, it agreed to the following: "[w]ithout waiving the foregoing objections, BNN is able to designate a witness to explain the changes that were made to the source photograph BNN obtained from the Washington Post's Twitter account through the URL https://twitter.com/washingtonpost/status/763840158097604609 to create the image BNN published at the URL: http://www.breitbart.com/big-journalism/2016/08/11/washington-post-trashes-ivanka-trump-fashion-shoot/. ("BNN URL")." *Id.*

While the Court recognizes that the phrase "the transactions and actions which gave rise to this action" has the potential to veer into improper territory, it finds that this topic is sufficiently circumscribed by the modifying phrases "the creation, editing, modification, display, publication, and exploitation of the photograph at issue." However, the Court does find the phrase "exploitation" to be vague and ambiguous insofar as it could make it difficult to designate an appropriate witness.

The Court will therefore GRANT BNN's motion for a protective order regarding this topic, but on less narrow grounds than sought by BNN. This topic is hereby limited to testimony regarding "the creation, editing, modification, display, and publication of the photograph at issue." If Seliger wishes to serve an amended notice elaborating on additional topics relating to the "exploitation" of the photograph at issue, he may do so.

- **Topic 2:** "All contracts and agreements involving in any way the photograph at issue."

BNN's core objection here is that "no such contracts and agreements exist and therefore it is not able to designate a witness with knowledge of this topic." Doc. 31-5 at 2. However, Seliger is still entitled to seek testimony regarding whether such contracts and agreements do not exist. *See Klorczyk v. Sears, Roebuck & Co.*, No. 13 Civ. 257 (JAM), 2015 WL 1600299, at *5 (D. Conn. Apr. 9, 2015). Therefore, BNN's motion for a protective order regarding this topic is DENIED.

- **Topic 3:** "All contracts and agreements involving in any way Plaintiff."

BNN objected to this topic on the same basis as Topic 2, above. For the same reasons, BNN's motion for a protective order regarding this topic is DENIED.

- **Topic 4:** "The instructions and specifications for the creation and/or publication of the article at issue, including without limitation all communications between Deponent and other parties involved in the selection or modification of the photograph at issue."

BNN raised objections regarding the vagueness of the phrase "other parties"; stating that there are no other parties at issue here. It also objected to the compound nature of the request, which seeks testimony regarding both "the photograph at issue" and the "article at issue." Doc. 31-5 at 3. However, BNN stated that "[w]ithout waiving the foregoing objections, BNN is able to designate a witness to explain how the article available at the BNN URL was created and how the photograph published in connection therewith was selected." *Id.*

To the extent BNN still seeks a protective order prohibiting testimony regarding communications with "other parties," this request is DENIED. The Court finds that this topic sufficiently limits the scope of such questioning to communications with other parties that

5

constitute part of "the instructions and specifications" for the creation or publication of the article at issue. Moreover, if no such communications with parties outside of BNN exist, BNN must still designate a witness to testify to this fact. BNN's motion for a protective order regarding Topic 4 is DENIED.

- **Topic 5**: "Deponent's access to the photograph at issue and other of Plaintiff's works."

BNN has objected based on the vagueness of the term "access" and the compound formulation of "and other of Plaintiff's works." There is nothing improper, however, about questions regarding defendant's "access" to a work, as "access" in an element of Plaintiff's case. *See Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003).

However, because this case is only about one photograph, to the extent Plaintiff seeks information about BNN's access to "other of Plaintiff's works," such testimony would be beyond the scope of this case. BNN's request for a protective order is therefore GRANTED to the extent Seliger seeks information about its access to other of his works.

- **Topic 6**: "Deponent's response to the receipt of the notice of infringement."

BNN has lodged attorney work product and privilege objections, but has stated that it will designate a witness to testify regarding non-privileged information responsive to this topic. Thus, it appears there is no need for a protective order here.

- **Topic 7**: "Deponent's defenses to the claims at issue in this action."

BNN states that this topic is vague, overbroad, and fails to identify matters at issue in this case with reasonable specificity. BNN is correct, as this topic could refer to virtually any relevant subject of deposition testimony and does not reasonably permit a witness from BNN to

6

prepare testimony. BNN's request for a protective order regarding this topic is therefore GRANTED. If Seliger serves an amended deposition notice pursuant to this topic, he must state with greater particularity the testimony he seeks.

- **Topic 8**: "Any advertising, marketing, or other such use of the photograph at issue."

BNN states that it only published the photo as part of an a single article, so it has no witness with knowledge of this topic. However, BNN still must produce a witness to provide deposition testimony regarding the purported absence of any other use of this photograph. The request for a protective order regarding this topic is therefore DENIED.

- **Topic 9**: "Any communications regarding or referring to the article at issue and/or photograph at issue;" and

- **Topic 10**: "The communications, correspondence, and documents reflecting or regarding any purchase, license, downloading, or other acquisition by Deponent of the photograph at issue."

Because these topics seek information about communications relating to the photograph, they are best analyzed together. Topic 9 appears to be a something of a catch-all. Unlike Topic 10, it does not specify whose communications it seeks testimony on, and has no apparent limiting principle besides a nexus to the photograph or article accompanying the photograph. Such communications could easily encompass irrelevant information. Thus, BNN's motion for a protective order regarding Topic 9 is GRANTED. If Seliger seeks testimony regarding additional communications about the photograph at issue, such testimony should be limited to communications reasonably described in other topics, or—if he chooses to serve an amended deposition notice with additional topics—to any new communications that are described with reasonable particularity.

Regarding Topic 10, BNN contests that it is overly vague, compound, and duplicative. However, the Court finds it to be quite clearly focused on communications regarding the manner in which the photograph was obtained by BNN. Thus, BNN's motion for a protective order regarding Topic 10 is DENIED.

**Amended Deposition Notice 2 (Doc. 31-4):**

- **Topic 1:** "The calculations of the total, gross and net profits obtained by Deponent in connection with any and all sales, licenses, displays, distributions, or any other exploitations of the photograph at issue."

BNN has stated that it will designate a witness with knowledge of the estimated gross *revenue*, but cannot designate a witness with knowledge of estimated "gross profits" or "net profits." Doc. 31-5 at 5. However, as with Topics 2, 3, and 8, BNN still must designate a witness to testify as to why this is not possible. BNN's motion for a protective order regarding Topic 1 of Amended Deposition Notice 2 is therefore DENIED.

### III.    Conclusion

As discussed above, BNN's motion for a protective order regarding Plaintiff's 30(b)(6) deposition notices is GRANTED in part and DENIED in part. Specifically, BNN's motion for a protective order is GRANTED as to the following topics contained in Amended Deposition Notice 1 (Doc. 31-3), as amended by the Second Amended Notices:

- **Topic 1**, to the extent Plaintiff seeks testimony beyond "the creation, editing, modification, display, and publication of the photograph at issue;"
- **Topic 5**, to the extent Plaintiff seeks testimony about photographs other than the one at issue in this case;
- **Topic 7**; and

8

- **Topic 9.**

BNN's Motion is otherwise DENIED.

By no later than March 1, 2021, Plaintiff shall either serve Third Amended Deposition notices in compliance with this Order, or notify Defendant of its intent to continue with its Second Amended Notices, subject to the terms of this Order.  Given that the discovery end date in this matter is also currently set for February 26, the parties shall stipulate to an amended scheduling order and submit this to the Court for its approval by no later than February 26, 2021.

IT IS SO ORDERED.

Dated:   February 22, 2021
         New York, New York

                                                      Edgardo Ramos, U.S.D.J.